COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 1 8 2004

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ED OLIVER,

    Defendant.

No. CIV-04-0095 JC/LFG
CR-00-557 LH

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's application for writ of habeas corpus[1] (CV Doc. #1; CR Doc. #369) filed January 28, 2004, construed herein under 28 U.S.C. § 2241. Defendant is incarcerated in Texas. The Court will dismiss the application.

The parties entered into a plea agreement on June 26, 2001, agreeing to a specific term of imprisonment under Fed. R. Crim. P. 11(e)(1)(C). On October 22, 2001, the Court imposed the agreed-upon term as concurrent sentences on two counts of the indictment. Neither the sentencing minutes or judgment makes reference to Texas state criminal proceedings. Soon afterward, on November 8, 2001, Defendant pled guilty to state charges in Texas and was sentenced. He now alleges that federal correctional officials refuse to calculate his term of imprisonment based on concurrent state and federal sentences. The execution of Defendant's sentence allegedly violates his federal plea agreement, and he asks that the plea be set aside.

Defendant's claim of illegal calculation of sentence is properly brought as a habeas corpus proceeding under § 2241. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *United States v.*

---

[1] The Clerk's automated case-opening system categorizes all motions challenging federal convictions or sentences as if they were filed under 28 U.S.C. § 2255.

*Buck*, No. 99-2129, 1999 WL 811685, at **2 (10th Cir. Oct. 12, 1999). On the other hand, a § 2241 application must be filed in the district where a defendant is confined. *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) (per curiam); *Buck*, 1999 WL 811685, at **2. Furthermore, the Texas sentence was second in time, and only the Texas court could order concurrent sentences. *United States v. Neely*, 38 F.3d 458, 461 (9th Cir. 1994) ("a federal court does not acquire discretion to impose a concurrent sentence until the defendant has been sentenced by another court."). Defendant must pursue his sentence-calculation claim in an appropriate Texas court.

Defendant also makes the derivative claim that, as a result of the illegal execution of his sentence, the federal government has breached its plea agreement with him. This claim could be pursued in a motion under 28 U.S.C. § 2255. *Buck*, 1999 WL 811685, at **3 ("claim that the United States has breached the plea agreement . . . does properly invoke § 2255"), and is properly filed in this district, *id.* at **2 (citing *Barkan v. United States*, 341 F.2d 95, 96 (10th Cir. 1965)); *United States v. Condit*, 621 F.2d 1096, 1097 (10th Cir. 1980). As noted above, however, Defendant's plea agreement contains no provision for concurrent sentences. Even if Defendant's sentence-calculation claim were meritorious, the plea agreement in this criminal case would not be set aside. Defendant's allegations do not state a claim for relief under § 2255, and the Court will not construe the application as a motion under § 2255. The application will be dismissed without prejudice.

IT IS THEREFORE ORDERED that Applicant's application for writ of habeas corpus (CV Doc. #1; CR Doc. #369) filed January 28, 2004, is DISMISSED without prejudice to his right to assert his claims in an appropriate forum; and this proceeding is DISMISSED.

UNITED STATES DISTRICT JUDGE

2