FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 1 2 2004

CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Respondent/Plaintiff

v.

    Civ. No. 03-0679 MCA/RLP
    Cr. No. 00-557 LH

DARRYL WILKERSON,

    Movant/Defendant.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

1.    This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence and Conviction filed pursuant to 28 U.S.C. § 2255. Defendant is currently incarcerated in El Reno, Oklahoma. Following a jury trial, Defendant was convicted of aiding and abetting the possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. The jury acquitted him on two charges: (1) conspiring to possess with the intent to distribute five grams or more of cocaine base; and (2) possession with the intent to distribute the same amount. [Cr. Doc. 174]. On April 25, 2001 he was sentenced to 360 months' incarceration, to be followed by eight years of supervised release. Defendant appealed his conviction to the Tenth Circuit Court of Appeals, raising only the issue of whether the evidence was sufficient to support

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

the conviction. See *United States v. Wilkerson*, 26 Fed.Appx. 878 (10th Cir. 2002) (unpublished opinion). The court affirmed his conviction. *Id.* at 880.

2. In his § 2255 Motion, Defendant raises the following grounds for relief: (1) prosecutorial misconduct; (2) ineffective assistance of counsel; (3) violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (4) violation of his right to be free from double jeopardy; and (5) sentencing by video conferencing. The government concedes the Motion is timely.

3. Defendant was stopped by police officers who were following him and a companion in Hobbs, New Mexico. The officers stated that after they began following the Defendant's vehicle, he started driving in excess of 80 mph until he was stopped. He was arrested for DWI. Exhibit A to Petitioner's Memorandum of Law [Doc. 2]. The officers stated that Defendant's companion exited the vehicle with his pants pocket turned inside out. That individual was allowed to leave the scene. *Id.* The arresting officer, Rodney Porter, states that as they backtracked the route the Defendant's vehicle had taken, he observed a ball of electrical tape in the roadway. Officer Porter stopped, picked up the ball, and later found it to contain eight baggies of crack cocaine, weighing 44.57 grams. Defendant's fingerprints, as well as those of his companion's were later found on some of the baggies. Defendant, his companion, and other individuals were later indicted for various drug crimes.

4. <u>Prosecutorial Misconduct</u>. This claim involves both the allegation that the prosecution used perjured testimony from the arresting officers to secure his conviction and that trial counsel was ineffective for failing to obtain information about the arresting officers' past incidents of planting or using tainted evidence. He first contends that Officer Porter's

2

testimony may have been different at trial from how he testified before the grand jury. Defendant asserts that Officer Porter testified at trial that information about Wilkerson and his companion transporting drugs had been received from the Lea County Drug Task Force. Defendant contends this information was either exculpatory or perjured. He states he requested counsel to order the grand jury testimony to impeach Officer Porter on this issue.

5. Defendant also takes issue with Officer Porter's testimony that he activated his lights and sirens while chasing Defendant. Defendant argues that the videotape in the vehicle should have been activated, but there was no videotape and that the testimony concerning the events of the chase, arrest, and location of the drugs was all false. He also contends that the evidence was tampered with and that Wilkerson's fingerprints were lifted from a previous drug arrest and applied to the baggies in this case.

6. The Government argues that this claim is procedurally defaulted because it could have been raised on direct appeal. A claimant must show cause and prejudice for the failure to raise an issue on direct appeal. *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994). "Cause" may be supplied by an ineffective assistance of counsel claim, such as Defendant asserts here. *United States v. Galloway*, 56 F.3d 1239, 1241 (10th Cir. 1995). The court reads Defendant's arguments to claim his counsel failed to impeach Officer Parker with his grand jury testimony and failed to inquire into the arresting officers' backgrounds and unearth evidence they had tampered with the evidence.

7. Defendant's trial counsel filed a Motion for Rule 17C Subpoena [Cr. Doc. 126], which sought information regarding Officer Porter's background. That Motion was

3

granted [Cr. Doc. 152]. Officer Porter had been fired from his prior job with the Midland, Texas Police Department for, *inter alia*, planting evidence. He is currently a defendant in *Marshall v. Columbia Lea Regional Hospital*, Civ. No. 99-1363 LH/LCS, a case which the Tenth Circuit reversed and remanded for further investigation of a traffic stop and arrest in violation of the plaintiff's Fourth Amendment and Equal Protection Clause rights. 345 F.3d 1157 (10th Cir. 2003). In that opinion, the court noted that documents, which may or may not be admissible, indicated

> that in more than thirty cases, Officer Porter falsely charged arrestees with possession of narcotics, seriously mishandled narcotics evidence, or both. Further, in other cases, Officer Porter was accused of planting evidence on arrestees . . . According to the documents, Officer Porter denied the charges until after failing a polygraph test, when he admitted mishandling evidence.

*Id.* at 1161.

Most of the defendants in those cases were either African-American (such as the case here) or Hispanic. *Id.*

    8.    Because of Defendant's allegations and the foregoing information, this court appointed counsel for him and ordered briefing and set an evidentiary hearing to determine whether trial counsel was ineffective for not hiring a fingerprint expert. Appointed counsel, in seeking to vacate the setting and continue the hearing, conceded that her retained fingerprint expert agreed with the F.B.I. that Defendant's fingerprints had been found on the baggies. Counsel seeks a continuance on the grounds that the evidence might have been planted because of an alleged break in the chain of custody and that the officers' initial stop of Defendant was pretextual.

4

9. At trial, Defendant's counsel questioned Officer Porter about his past infractions, which he admitted, but stated that he had changed. Although his past is troublesome, both in Texas and in New Mexico, there is no evidence that Officer Porter did in fact plant the evidence. Defendant's claim that the officers' grand jury testimony was different from their trial testimony is refuted by the Government: neither officer testified before the grand jury. Defendant's claim that the evidence used to convict him was planted is speculative. This claim is based solely on the officers' past misdeeds and his belief that the drugs seized from his prior arrests must have been utilized in this case. The chain of custody was established at trial. *See* Exhibit 12(b), Volume I, to Government's Surreply. The reasons for the initial stop were established at trial. *Id.* Neither Defendant nor his appointed counsel have offered anything beyond surmise that the stop was pretextual or the evidence was planted. In sum, Defendant does not provide this court with sufficient facts to indicate he can satisfy the "prejudice" element of this claim. *Allen; Galloway, supra.*

10. <u>Ineffective Assistance of Counsel.</u> This claim is based on counsel's advice to waive the suppression hearing, a misrepresentation about the sentence he could be facing, and her failure to hire a fingerprint expert. The last issue was addressed in ¶¶ 8-9, *supra*. To prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was constitutionally deficient and that, but for this deficient performance, the results would have been different. *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984). A defendant "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689.

5

11. In trial counsel's affidavit submitted with the Government's response to the Motion, counsel avers that she informed Defendant he could be facing a life sentence if convicted and that the government would not enter into plea negotiations if she did not withdraw her suppression motion. She further states that the Government offered a plea agreement of 20 years' imprisonment which Defendant declined. *See* Exhibit 2 to Government's Response [Doc. 7] at ¶¶ 5 & 6.

12. Defendant alleges that counsel misrepresented the amount of time he would be serving. At the Motions Hearing on July 1, 2003 the Government advised the court that Defendant could be facing a mandatory life sentence if convicted of all charges against him "because of prior convictions that he has." The Government further stated that it had advised defense counsel they would be willing to entertain further plea discussions if the motion to suppress was withdrawn. Motions Hearing Transcript at 3.

13. Even after being acquitted on Count I of the indictment, Defendant's possible sentencing range was 360 months to life imprisonment. *See* Judgment [Cr. Doc. 295]. He neither denies nor addresses counsel's affidavit which contends that he rejected a plea offer of 20 years. Based on the foregoing, counsel was not ineffective; she neither misrepresented his sentence nor erred in withdrawing the motion to secure a plea agreement for her client, which agreement was rejected.

14. *Apprendi violation*. Defendant contends his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000) because the jury did not determine the amount of drugs. *Apprendi* holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury,

and proved beyond a reasonable doubt." *Id*. Therefore, if the drug quantity does not increase the statutory maximum sentence *Apprendi* is not violated. *See United States v. Wilson*, 244 F.3d 1208, 1215 (10th Cir.), *cert. denied*, 553 U.S. 962 (2001).

15. As noted previously, the jury only convicted Defendant of aiding and abetting the possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. The Verdict Form lists the amount of drugs as "5 grams." *See* Exhibit 4 to United States' Response. The jury must have taken the testimony into account to reach this verdict. Moreover, it was not the amount of drugs that increased his sentence; it was his status as a career offender that substantially increased his sentence. *See* Exhibit 13a, Volume II, to Government's Surreply, ¶ 64 at 21 (Presentence Report). Thus, *Apprendi* is neither implicated nor violated.

16. <u>Double Jeopardy</u>. Defendant claims that his conviction on Count IV violates double jeopardy because he was acquitted on Count I and the same evidence was used for both charges. Count I charged him with Conspiracy to Possess with Intent to Distribute More Than 50 Grams of Cocaine Base in violation of 21 U.S.C. § 846. Count IV charged Possession with Intent to Distribute More than 5 Grams of a Mixture or Substance Containing Cocaine Base Aiding and Abetting in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2.

17. Aiding and abetting does not presuppose the existence of a prior conspiracy; an aider and abettor is charged as a principal, not a conspirator. *United States v. Blanton*, 531 F.2d 442, 444 (10th Cir. 1975) (quoting *Pereira v. United States*, 347 U.S. 1, 11

7

(1954)), *cert. denied*, 425 U.S. 935 (1976); 18 U.S.C. § 2. *See also United States v. Brown*, 692 F.2d 345, 348 (5th Cir. 1982) ("aiding and abetting and conspiracy are separate crimes, with different proof requirements . . . ."). Because there was no double jeopardy violation, counsel was not ineffective for failing to raise this argument.

18.  Sentencing by video conferencing. On May 16, 2002, after the sentence had been imposed in this case, the Tenth Circuit decided *United States v. Torres-Palma*, 290 F.3d 1244 (10th Cir. 2002), which held that the use of video conferencing for sentencing violated Fed.R.Cr.P. 43 and due process. The Government argues that Defendant voluntarily waived his physical presence at sentencing because he wanted to be sentenced by the trial judge who was from another district.

19.  The applicable statute allows for the filing in district court of a motion to vacate, set aside or correct a sentence imposed in violation of "the Constitution or the laws of the United States." 28 U.S.C. § 2255. Violations of Fed.R.Crim.P. 32 are cognizable under § 2255. *United States v. Gordon*, 172 F.3d 753, 754 (10th Cir. 1999). In order to maintain a collateral attack on his sentence under Section 2255, [the petitioner] must show either 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" *United States v. Gattas*, 862 F.2d 1432, 1433 (10th Cir. 1988) (quoting *Hill v. United States*, 386 U.S. 424 (1962)). "Mere 'technical' violations of rules of procedure will not support a claim under Section 2255." *Id.* at 1434.

20.  The question here is whether Rule 42's "presence" requirement is a technicality or required as fair procedure? In the context of a direct appeal, there is no

question the case would be remanded for resentencing. *Torres-Palma, supra.* Collateral proceedings, however, require the court to determine whether this is a matter that should have been raised on direct appeal. Although sentencing took place prior to the *Torres-Palma* decision, Rule 43 clearly requires the defendant's presence at all stages of the proceedings and it is an issue counsel could have raised. The Government argues that Defendant has procedurally defaulted this issue. A procedural default may be overcome by a showing of "cause and prejudice." *United States v. Barajas-Diaz*, 313 F.3d 1242, 1247 (10th Cir. 2002). Counsel's failure to raise Rule 43 on direct appeal may supply the "cause," but Defendant cannot show prejudice.

21.    Defendant does not argue that his sentence is incorrect, or that it would have been different had he been in the physical presence of the sentencing judge rather than appearing by video conferencing. The Sentencing Transcript, Exhibit 16, Volume II to Government's Surreply indicates that he read his statement to the court prior to sentencing. *Cf. United States v. Lawrence*, 248 F.3d 300 (4th Cir. 2001) (Rule 43(a) gives defendant the chance to plead his case to the court).[2] Because there is no showing that any resentencing would result in a lesser term, Defendant has failed to show the prejudice necessary to excuse the procedural default.

---

[2] If the case were to be remanded for resentencing, the general rule is that a defendant's presence at resentencing is not constitutionally required if the sentence is no more onerous than the initial, albeit incorrect, sentence. *Bedoya v. United States*, 11 F.Supp.2d 381, 383-84 (S.D.N.Y. 1998) (citing decisions from the Second, Fifth, Eighth and Eleventh Circuit Courts of Appeal). It would be ironic indeed if this case were remanded for resentencing, which could take place without Defendant being present.

## RECOMMENDED DISPOSITION

The Motion to Vacate Setting, for Continuance of Habeas Hearing, and for Expansion of Grounds [Doc. 22] should be granted insofar as the setting is vacated; the Motion should be denied in all other respects. The Motion to Vacate, Set Aside or Correct Sentence and Conviction [Doc. 1] should be denied and this case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge